UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUANA CANALES,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                              2:17-cv-6937 (DRH)(AYS)

    - against –

ACP FACILITY SERVICES, INC., COLLINS
BUILDING SERVICES, INC., and LOCAL
32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION,

                    Defendants.
-------------------------------------------------------X

**APPEARANCES**

**LAW OFFICES OF JOSE G. SANTIAGO**
Attorney for Plaintiff
3275 Veterans Memorial Hwy., Suite 15
Ronkonkoma, NY 11779
By:    Jose G. Santiago, Esq.

**JACKSON LEWIS LLP**
Attorneys for Defendant Collins Building Services, Inc.
666 Third Avenue, Floor 29
New York, NY 10017
By:    Daniel David Schudroff, Esq.
         Arielle Virginia Garcia, Esq.

**SEIU, LOCAL 32BJ**
Attorney for Defendant Local 32BJ Service Employees International Union
25 West 18th Street
New York, NY 10011
By:    Jessica Drangel Ochs, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

       Plaintiff Juana Canales ("Plaintiff") brought this action against Defendants ACP Facility

Services, Inc. ("ACP"), Collins Building Services, Inc. ("Collins"), and Local 32BJ Service

Employees International Union ("Union," together with ACP and Collins "Defendants") for breach of contract, breach of the duty of fair representation, and discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"). (Compl. [DE 1] ¶¶ 43–52.)

Presently before the Court is Defendant Collins' motion to dismiss pursuant to Fed. R. Civ. P ("Rule") 12(b)(6) for failure to state a claim. For the reasons explained below, the motion to dismiss under Rule 12(b)(6) is granted in part and denied in part, and Plaintiff is given leave to file an Amended Complaint within 14 days of the date of this Order.

## BACKGROUND

The following relevant facts come from the First Amended Complaint ("FAC") and are assumed true for purposes of this motion.

ABLE Crown Building Maintenance Co. ("ABLE") is the corporate predecessor of Defendants ACP and Collins. (Compl. ¶ 15.) At the time the events in question transpired, Plaintiff was an employee of ABLE as a cleaner/housekeeper, as well as a member of Defendant Union. (*Id.* ¶ 25.) Throughout Plaintiff's employment with ABLE and its successors, her employer and the Union had a collective bargaining agreement ("CBA"). (*Id.* ¶¶ 17, 29.) "Plaintiff was a dues-paying member of the subject bargaining unit of the CBA." (*Id.* ¶ 30.)

Plaintiff's daughter, Guadalupe Canales, is a former employee of ABLE. (*Id.* ¶ 23.) On or about January 21, 2016, Guadalupe Canales filed suit against ABLE alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 and the NYSHRL. (*Id.* ¶ 24.) Guadalupe Canales' lawsuit was eventually resolved in or around May 2016 and discontinued in July 2016. (*Id.* ¶ 26.)

Plaintiff alleges that from the time her daughter's case was filed, Defendants began retaliating against Plaintiff. (*Id.* ¶ 27.) The retaliation apparently included, but was not limited

to: (1) Defendants having other employees "follow Plaintiff around while she worked to spy on her and report back to the supervisor;" (2) Plaintiff's supervisor threatening her with termination with no justification; (3) Defendants having other employees "follow Plaintiff while Plaintiff was off-duty and shopping at the Smith Haven Mall to spy on her and report back to the supervisor;" (4) "subjecting Plaintiff to unwarranted discipline—including a write-up on July 6, 2016;" and (5) "eventually, terminating Plaintiff's employment on or about November 2, 2016." (*Id.* ¶ 28.) When Defendants[1] terminated Plaintiff's employment, Plaintiff's supervisor advised her that Defendants ACP and Collins "no longer wanted her service." (*Id.* ¶ 31.) Article 3 of the CBA says that "Plaintiff should not have been discharged, suspended or otherwise disciplined" without cause. (*Id.* ¶ 33.) Furthermore, the CBA allegedly provides that Plaintiff should have been notified in writing of the reasons for her discharge within five working days of her termination. (*Id.* ¶ 34.) Plaintiff requested said notice, and Defendants[2] "refused to provide her with the written notice." (*Id.*)

On or about December 2, 2016, Plaintiff filed a grievance with the Union against Defendants ACP and Collins, alleging wrongful termination and other violations of the CBA. (*Id.* ¶ 35.) While the grievance was allegedly assigned to a union representative for further investigation, Plaintiff was never contacted or interviewed. (*Id.* ¶ 38.) On May 30, 2017, Plaintiff received notice that the Union "found her grievance to lack merit and that the Union would not take her case to arbitration." (*Id.* ¶ 38.)

---

[1] Plaintiff does not specify in the Complaint which Defendant she is specifically referring to as the party who terminated her.

[2] Again, unspecified as to which Defendants.

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir.

2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

I. *The Parties' Arguments*

a. Plaintiff's Arguments

The Complaint sets forth three causes of action: (1) breach of contract against Defendants ACP and Collins; (2) breach of the duty of fair representation against Defendant Union; and (3) discrimination and retaliation against Defendants ACP and Collins "on the basis of her daughter's previously filed lawsuit" in violation of the NYSHRL. (Compl. ¶¶ 43–52.)

b. Defendant's Arguments

Defendant Collins advances three arguments in support of its motion to dismiss. First, that Plaintiff's breach of contract claim must be construed as a § 301 claim under the Labor-Management Relations Act ("LMRA"), that it must be dismissed because it is untimely and because she cannot establish that the Union violated its duty of fair representation or that she exhausted her contractual administrative remedies. (Mem. in Supp. [ECF No. 18] at 1.) Second, that her discrimination and retaliation claims should be dismissed because no such claim is cognizable under the NYSHRL and the Complaint fails to allege that Defendant Collins had any knowledge of Plaintiff's daughter's lawsuit. (*Id.*) Finally, Collins requests that this matter be compelled to arbitration pursuant to the express terms of the CBA if this action is not dismissed. (*Id.* at 1–2.)

> II. *The Motion to Dismiss is Denied as to Count One: Plaintiff's Breach of Contract Claim*

As touched on directly above, Defendant Collins raises four arguments in their moving papers as to Count One, Plaintiff's breach of contract claim: (1) it should be construed as a hybrid claim under § 301 of the LMRA; (2) § 301 claims are subject to a six month statute of limitations, and Plaintiff's claim was untimely; (3) Plaintiff has failed to establish that Defendant Union violated its duty of fair representation; and (4) Plaintiff has not exhausted her administrative remedies pursuant to the CBA. (*Id.* at 6–9.) Plaintiff concedes in her Memorandum in Opposition ("Mem. in Opp.") that her breach of contract claim is a "hybrid" cause of action under § 301 of the LMRA. (Mem. in Opp. [ECF No. 20] at 5.) Therefore, the outstanding issues before this Court are whether the claim was timely, whether Defendant Union breached its duty to Plaintiff, and whether Plaintiff exhausted her administrative remedies.

As to the question of timeliness, Plaintiff concedes that a six-month statute of limitations applies to her claim. (*Id.*) However, Plaintiff argues that the time to bring her claim began accruing when she knew or should have known that Defendant Union failed in its duty to fairly represent her. (*Id.*) Defendants, on the other hand, aver that the time began accruing at the time Plaintiff's employment was terminated. (Reply. Mem. [ECF No. 24] at 3 n. 2.) Based on the precedent in this District, the Court finds that the six-month statute of limitations on Plaintiff's hybrid § 301 claim did not begin accruing until Plaintiff learned that Defendant Union had breached its duty to her—not when her employment was terminated. *See Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 339 (E.D.N.Y. 2012) (explaining that plaintiff's claim began accruing when she "had reason to know . . . that the union had potentially breached its duty of fair representation to her"); *see also Lever v. Entergy Nuclear Operations, Inc.*, 2016 WL 1627619, at *6 n.4 (E.D.N.Y. Apr. 222, 2016) (noting in dicta that if the Court had been able to

consider a letter from the union that was outside the scope of the motion to dismiss, the plaintiff's hybrid § 301 claim would have accrued when the plaintiff learned of the union's breach of its duty of fair representation). Accordingly, Count One of the Complaint was timely filed.

The Court next considers whether there are allegations in the Complaint that Defendant Union breached its duty of fair representation. Plaintiff does not dispute that her breach of contract claim against Defendant Collins under the CBA requires her to "prove that the union as bargaining agent breached its duty of fair representation in its handling of [her] grievance." *Tomney v. Int'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 728 (S.D.N.Y. 2005); *see also Naughton v. Local 804 Union*, 2019 WL 1003054, at *10 (E.D.N.Y. March 1, 2019) (quoting the same). "The duty of fair representation is a 'statutory obligation' under the NLRA [(National Labor Relations Act)], requiring a union 'to serve the interests of all members without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Rivera v. Communication Workers of America*, 2018 WL 6727539, at *3 (E.D.N.Y. Dec. 18, 2018) (quoting *Figueroa v. Foster*, 864 F.3d 222, 229 (2d Cir. 2017)) (internal quotation marks omitted). "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Id.* (internal quotation marks omitted). "If a plaintiff shows that the union's actions meet this standard, the plaintiff must then demonstrate a causal connection between the union's wrongful conduct and the plaintiff's injuries." *Rivera*, 2018 WL 6727539, at *3 (quoting *Pathania v. Metro. Museum of Art.*, 563 F. App'x 42, 44 (2d Cir. 2014)) (internal quotation marks omitted). "Neither conclusory allegations nor 'mere negligence' by the union in its enforcement of a collective

bargaining agreement is sufficient to state a claim." *Rivera*, 2018 WL 6727539, at *3 (quoting *Mancus v. The Pierra Hotel*, 45 F. App'x 76, 77 (2d Cir. 2002)).

In her Memorandum in Opposition, Plaintiff argues only that Defendant Union acted arbitrarily, therefore the Court will not evaluate whether the Union also acted discriminatorily or in bad faith. (*See* Mem. in Opp. at 6.) "A union's actions are 'arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Rivera*, 2018 WL 6727539, at *3 (quoting *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.2d 703, 709 (2d Cir. 2010)) (internal quotation marks omitted). This test is "difficult to meet," and requires that the conduct be "without a rational basis or explanation." *Lane v. Wakefield*, 2016 WL 5118301, at *2 (S.D.N.Y. Sept. 20, 2016); *Perero v. Hyatt Corp.*, 151 F. Supp. 3d 277, 284 (E.D.N.Y. 2015). However, "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion[.]" *Tomney*, 357 F. Supp. 2d at 735 (quoting *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 128 (2d Cir. 1998)).

Here, Plaintiff alleges that she filed a grievance with Defendant Union complaining of her wrongful termination, and that she was never contacted or interviewed regarding her grievance. (Compl. ¶¶ 35, 37). Plaintiff asserts that she then received notice that Defendant Union found her grievance to lack merit and would not take her case to arbitration. (*Id.* ¶ 38.) Finally, Plaintiff alleges that the Union failed to "thoroughly process and investigate [her] grievance[.] (*Id.* ¶ 40.) For purposes of this motion to dismiss, Plaintiff's allegations make out the bare minimum requirement that Defendant Union acted arbitrarily by failing to process or investigate her claims in any way, most notably by failing to contact her before outright declining to take her case to arbitration without any personalized explanation as to the basis for

its decision. *See Figueroa*, 864 F.3d at 229 (explaining that a union breaches its duty of fair representation when its actions are arbitrary).

Finally, Defendant Collins argues that Plaintiff failed to exhaust her administrative remedies under the CBA becase "she merely contends that she filed a grievance with Defendant [Union] . . . [but] does not plead any other non-conclusory facts to support the contention that she exhausted her administrative remedies." (Reply. Mem. at 3.) The Court is unpersuaded by this argument. Defendant Collins has not given the Court any basis for concluding that Plaintiff was required to do more than file a grievance with Defendant Union and seek to arbitrate her claim. Her claim that she filed a grievance is not conclusory, as she has set forth the date and contents of such claim. Accordingly, at the motion to dismiss stage, Plaintiff has sufficiently established that she exhausted her administrative remedies. Defendant Collins' motion to dismiss as to Count One is denied on all grounds.

### III. *The Motion to Dismiss is Granted in Part as to Count Three: Plaintiff's Discrimination and Retaliation Claim Under The NYSHRL*

Defendant Collins asserts two arguments in support of its motion to dismiss Count Three of the Complaint: (1) that associational discrimination claims are not actionable under the NYSHRL; and (2) that Plaintiff fails to show a causal connection between her daughter's lawsuit and her adverse employment action. (Mem. in Supp. at 11–14.)

In support of its first argument, Defendant Collins cites to an almost decade-old case that states that "[t]he plain language of the [NYSHRL] clearly indicates that it only prohibits discrimination against individuals who are themselves [a member of a protected classification]." *Rivera v. Lutheran Med. Ctr.*, 22 Misc. 3d 178, 181 (N.Y. Sup. Ct. 2008). However, Collins overlooks subsequent case law that has recognized an associational discrimination claim under the NYSHRL. *See, e.g.*, *Venezia v. Luxoticca Retail North America, Inc.*, 2015 WL 5692146, at

*4 (S.D.N.Y. Sept. 28, 2015) (recognizing the existence of an associational discrimination law claim under the NYSHRL); *Chiara v. Town of New Castle*, 2 N.Y.S. 3d 132, 140 (App. Div. 2d Dep't 2015) (finding cognizable an associational discrimination law claim under the NYSHRL); *Simmons v. Woodycrest Ctr. For Human Development, Inc.*, 2011 WL 855942, at *3 (S.D.N.Y. March 9, 2011) (analyzing an associational discrimination claim under the NYSHRL and then dismissing it because the person on whom the associational claim was predicated did not have a disability). Accordingly, the Court finds that Plaintiff may assert an associational discrimination claim under the NYSHRL.

The Court is likewise unpersuaded by Defendants' second argument that Plaintiff fails to show a causal connection between her daughter's lawsuit and her adverse employment action. To state a prima facie case of retaliation, Plaintiff must demonstrate that: (1) she engaged in a statutorily protected activity; (2) her employer was aware of this activity; (3) she suffered an adverse employment action; and (4) there is a "causal connection" between the protected activity and the adverse employment action. *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 1996) (internal citation omitted). Defendant Collins disputes the second and fourth prongs of this test. Collins argues that Plaintiff has not sufficiently plead that it knew of Plaintiff's Daughter's lawsuit and that Plaintiff has only set forth conclusory allegations demonstrating a causal connection between Plaintiff's daughter's protected activity and her employment termination. (Mem. in Supp. at 13.)

Defendant Collins is correct that Plaintiff has not specifically alleged that Collins had knowledge of her daughter's lawsuit. Plaintiff only states that her daughter "filed a lawsuit in federal court against ABLE" and, subsequently, the "Defendants" retaliated against her. (Compl.

¶¶ 24, 27.) Accordingly, the motion to dismiss is granted as to Count Three, but Plaintiff is given leave to file an amended complaint within 14 days of the date of this Order.

Finally, the Court finds that Plaintiff has sufficiently plead a causal connection between the protected activity and her termination. "Plaintiffs may demonstrate a causal connection '(a) indirectly by showing that the protected activity was followed closely by discriminatory conduct; (b) indirectly through other evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (c) directly through evidence of retaliatory animus.'" *LaSalle v. City of New York*, 2015 WL 1442376, at *6 (S.D.N.Y. March 30, 2015) (quoting *Carr v. WestLB Admin., Inc.*, 171 F. Supp. 2d 302, 309 (S.D.N.Y. 2001)). "While there is no bright-line test for how much time is 'very close[]' 'for temporal proximity to be sufficient, the overwhelming majority of cases limit such time to less than six months, if not shorter[.]" *Watkins v. First Student, Inc.*, 2018 WL 1135480, at *15 n. 22 (S.D.N.Y. Feb. 28, 2018) (quoting *McCormick v. Jackson*, 2008 WL 3891260, at *2 (S.D.N.Y. Aug. 21, 2008)).

Here, Plaintiff states that the retaliation led to unwarranted discipline, including a write-up on July 6, 2017, and her employment termination on November 2, 2016. (*Id.* ¶ 28.) Plaintiff's daughter's suit was filed on January 21, 2016—less than six months before the date of the first retaliatory action Plaintiff sets forth in the Complaint. This is sufficient for causation purposes even though the retaliation continued after that time and led to subsequent retaliatory acts more than six months after the initial protected act. Accordingly, Defendant Collins' motion is denied on this ground.

IV. *Defendant's Request to Compel Arbitration is Denied*

Defendant Collins' final argument is that the Court should dismiss the entire action and compel arbitration because arbitration is expressly required under the CBA. Both Plaintiff and

Defendant Union both oppose this request. Defendant Collins cites to a Supreme Court case that held that a contract clause that "clearly and unmistakably requires union members to arbitrate [discrimination] claims is enforceable as a matter of federal law." *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1474 (2009). However, the Supreme Court did not address whether an individual could thereby be deprived of access to a judicial forum if the union controlled access to the arbitral forum and the union declined to pursue the individual's claim. Other courts that have been confronted with this issue have declined to compel arbitration when the union decided not to pursue a claim. *See, e.g.*, *Morris v. Temco Serv. Indus., Inc.*, 2010 WL 3291810, at *5 (S.D.N.Y. Aug. 12, 2010) (declining to compel arbitration where the union had prevented the plaintiff from arbitrating her discrimination claim); *Kravar v. Triangle Servs., Inc.*, 2009 WL 1392595, at *3 (S.D.N.Y. May 19, 2009) (declining to enforce an arbitration clause where the CBA prevented the employee from arbitrating discrimination claims without union representation). In the case at bar, Defendant Union explains that an agreement that controls the relevant portion of the CBA provides that "no individuals shall have the right to compromise or settle any claim without the written permission of the Union." (Def. Union's Mem. in Responde [ECF No. 22] at 6.) This language is analogous to the language the Southern District of New York considered in *Morris*, and found to bar arbitration. In light of this precedent, the Court denies Defendant Collin's request to compel arbitration. However, Plaintiff has failed to allege with any specificity that she exhausted her administrative remedies with regards to her NYSHRL by raising such claim with the Union, and giving the Union an opportunity to pursue it. Accordingly, Plaintiff's NYSHRL claim is dismissed without prejudice. Plaintiff may file an Amended Complaint within 14 days of this Order stating that she did in fact bring her NYSHRL

claim to Defendant Union to arbitrate. In the event that she has not done so, she may re-file her claim with Defendant Union.

## CONCLUSION

For the foregoing reasons, Defendant Collins' motion to dismiss pursuant to Rule 12(b)(6) is denied as to Count One but granted in part as to Count Three. Count Three is dismissed without prejudice to renew, and Plaintiff may file an Amended Complaint within 14 days of the date of this Order correcting the aforementioned deficiencies.

**SO ORDERED.**
Dated: Central Islip, New York
      March 13, 2019

                                                     /s/
                                          Denis R. Hurley
                                          Unites States District Judge